UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NEW YORK STATE TEAMSTERS CONFERENCE
PENSION AND RETIREMENT FUND, by its Trustees,
Gary Staring, John Bulgaro, Ronald G. Lucas, Fredrick J.
Carter, Michael S. Scalzo, Sr., Daniel W. Schmidt and
Tom J. Ventura,

           Plaintiff,   5:09-CV-0443
                  (GTS/GHL)
v.

C & S BUILDING MATERIALS INC.,

           Defendant,
_____

APPEARANCES:           OF COUNSEL:

PARAVATI, KARL, GREEN & DEBELLA   PETER P. PARAVATI, JR., ESQ.
 Counsel for Plaintiff
12 Steuben Park
Utica, NY 13501

HON. GLENN T. SUDDABY, United States District Judge

**MEMORANDUM DECISION and ORDER**

   Currently pending before the Court in this Employee Retirement Income Security Act ("ERISA") action filed by New York State Teamsters Conference Pension and Retirement Fund ("Plaintiff") against C & S Building Materials, Inc. ("Defendant") is Plaintiff's motion for default judgment. (Dkt. No. 9.) For the reasons stated below, Plaintiff's motion is granted.

**I. RELEVANT BACKGROUND**

   **A. Plaintiff's Complaint**

   Liberally construed, Plaintiff's Complaint asserts that Defendant violated ERISA, subjecting it to withdrawal liability. (*See generally* Dkt. No. 1.) Generally, in support of that

claim, Plaintiff's Complaint alleges as follows: (1) Defendant completely withdrew from the multi-employer pension plan; (2) by failing to make a timely request for arbitration, Defendant agreed to the total withdrawal liability assessment demanded; and (3) Defendant failed to make interim payments when due. (*Id*.)

### B. Plaintiff's Service of Complaint and Defendant's Failure to Answer

On July 14, 2009, Plaintiff properly served its Complaint on Defendant by serving a copy of the Summons and Complaint and Filing Order on the Secretary of State. (Dkt. No. 5.) On September 14, 2009, Plaintiff again properly served its Complaint on Defendant by serving a copy of the Summons and Complaint and Filing Order on Joan Lamareux, a Principal of Defendant. (Dkt. No. 6.) As of the date of this Decision and Order, Defendant has filed no Answer to that Complaint. (*See generally* Docket Sheet.)

### C. Clerk's Office's Entry of Default and Defendant's Non-Appearance

On November 11, 2009, Plaintiff filed a request for entry of default. (Dkt. No. 7.) On November 12, 2009, the Clerk of the Court entered default against Defendant pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 8.) As of the date of this Decision and Order, Defendant has not appeared and attempted to cure that entry of default. (*See generally* Docket Sheet.)

### D. Plaintiff's Motion for Default Judgment and Defendant's Non-Response

On March 24, 2010, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 9.) As of the date of this Decision and Order, Defendant has filed no response to that motion. (*See generally* Docket Sheet.)

Generally, in support of its motion for default judgment, Plaintiff argues as follows: (1) Defendant waived all defenses to the assessment of withdrawal liability according to 29 U.S.C. §

1401(a)(1) by failing to timely demand arbitration; (2) the entire employer-withdrawal liability assessment demanded by Plaintiff is accelerated and immediately due because Defendant failed to timely demand arbitration; and (3) Plaintiff is statutorily entitled to an award of interest, attorney's fees and costs incurred in connection with the collection of the withdrawal liability. (Dkt. No. 9.) Familiarity with the particular grounds in support of these arguments is assumed in this Decision and Order, which is intended primarily for review of the parties.

## II.     RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183

F.3d 151, 155 [2d Cir. 1999] [citations omitted]).  "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]).  This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

### III. ANALYSIS

#### A. Liability

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its modest threshold burden in establishing entitlement to default judgment against Defendant on the issue of liability, under the circumstances.[1]  The Court notes that Plaintiff's motion would survive even the heightened scrutiny appropriate on a contested motion.

For example, for the reasons stated above in Part I of this Decision and Order, the Court finds that due notice of this action has been given to Defendant.  However, no Answer has been filed, and no one has appeared on behalf of Defendant.  Finally, the Clerk has already entered default against Defendant, and Plaintiff served Defendant with its motion for the issuance of

---

[1] In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

default judgment. However, Defendant has not moved to set aside the default, responded to the motion for default judgment, or even appeared in this action.

For each of these alternative reasons, the Court grants Plaintiff's motion for the issuance of default judgment on the issue of liability pursuant to Fed. R. Civ. P. 55(b).

**B.     Damages**

**1.     Withdrawal Liability and Interest**

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its burden of establishing a valid basis for the damages in regards to withdrawal liability and interest, under the circumstances. The Court notes that, while a hearing to fix the amount of damages may be conducted,[2] a hearing is not required where the Court has found that there is a basis for the damages specified in the default judgment.[3] Here, the Court has made such a finding.

For example, in support of its damages request, Plaintiff has provided, *inter alia*, the affidavit of Plaintiff's Executive Administrator,[4] as well as a Statement of Amount Due,[5] which

---

[2]     *See* Fed. R. Civ. P. 55(b)

[3]     *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (noting that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment"); *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (noting that it is "not necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had 'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record gained during four years involvement with the litigation . . .'"); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991) (concluding that, where district judge was "inundated with affidavits, evidence, and oral presentations" a full evidentiary hearing was not necessary).

[4]     (Dkt. No. 9, Attach. 1.)

[5]     (Dkt. No. 9, Attach. 11.)

demonstrate that Defendant is indebted to Plaintiff in the amount of $153,456.66. More specifically, this sum consists of $124,361.86 in employer withdrawal liability, $17,090.88 in interest from February 4, 2009, through May 6, 2010, and an additional $17,090.88 in interest.[6] Therefore, the Court concludes Plaintiff has met its burden of establishing a valid basis for the damages, and that default judgment against Defendant, awarding Plaintiff $153,456.66 in damages, is appropriate.[7]

    **2.    Attorney's Fees and Costs**

Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to attorney's fees and costs incurred in collecting the amounts that Defendants owe them.[8] However, the Court may award only reasonable fees, to be determined, among other things, based on a reasonable hourly rate. *See, e.g., Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training*

---

[6]    Pursuant to 29 U.S.C. §1132(g)(2), "[i]n any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan--
  (C) an amount equal to the greater of--
    (i) interest on the unpaid contributions, or
    (ii) liquidated damages provided for under the plan in an amount not in excess of 20
       percent (or such higher percentage as may be permitted under Federal or State law) of the
       amount determined by the court under subparagraph (A)

[7]    *See Engineers Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *3-4 (finding, in an unopposed motion for default judgment based on an ERISA claim, that plaintiffs were entitled to unpaid contributions, interest on unpaid contributions, liquidated damages, and audit fees in amounts that plaintiffs claimed they were entitled to pursuant to the parties' agreement and/or 29 U.S.C. § 1132[g][2][C]).

[8]    29 U.S.C. § 1132(g)(2) provides, in pertinent part, as follows:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant . . .

*Funds*, 2009 WL 4730700, at *3-4; *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 186-90 (2d Cir. 2008) (noting that the district court has "considerable discretion" in determining the presumptively reasonable fee, but that it should "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorneys' fees in setting a reasonable hourly rate"). Plaintiff seeks attorney's fees at the rate of $280.00 per hour for the work that its attorney performed in this action in 2009. (Dkt. No. 9, Attach. 8.) Based on these rates, Plaintiff seeks attorney's fees in the total amount of $11,788.00. (*Id*.)[9] In addition, Plaintiff seeks costs in the amount of $605. (*Id*.)

In *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, an ERISA collection action similar to the current action, Senior United States District Judge Frederick J. Scullin, Jr., of this District, analyzed recent ERISA collection actions as well as the *Johnson* factors, and determined the reasonable hourly rates for attorneys and paralegals in ERISA collection actions in the Northern District of New York.[10] More specifically, Judge Scullin concluded "that the reasonable hourly rate for an attorney . . . in this community who

---

[9] As evidence that this amount is justified, Plaintiff has submitted the contemporaneous time records of its attorney who worked on this matter. (Dkt. No. 9, Attach. 8.)

[10] The *Johnson* factors include the following: "(1) [t]he time and labor required[;] . . . (2) [t]he novelty and difficulty of the questions[;] . . . (3) [t]he skill requisite to perform the legal service properly[;] . . . (4) [t]he preclusion of other employment by the attorney due to acceptance of the case[;] . . . (5) [t]he customary fee[;] . . . (6) [w]hether the fee is fixed or contingent[;] . . . (7) [t]ime limitations imposed by the client or the circumstances[;] . . . (8) [t]he amount involved and the results obtained[;] . . . (9) [t]he experience, reputation, and ability of the attorneys[;] . . . (10) [t]he 'undesirability' of the case[;] . . . (11) [t]he nature and length of the professional relationship with the client[;] . . . [and] (12) [a]wards in similar cases." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

litigates cases such as this one, particularly where Defendant has defaulted, is $210.00 . . . . *Id*. at *18-19.

As an initial matter, this Court adopts the conclusion reached by Judge Scullin.[11] Therefore, the Court finds that Plaintiff's attorney is entitled to the rate of $210.00 per hour for any work done.

In addition, although it appears that Plaintiff's attorney spent 42.10 hours on this case, the *Johnson* factors do not support an award of $8,841.[12] For example, a motion for default judgment does not involve novel and difficult questions. The skill required to recite Defendant's legal obligations and request default judgment is minimal. Furthermore, there is no indication that counsel's work on the case precluded or delayed work on other cases or that the case was otherwise "undesirable." Finally, the Court has found at least one similar case in which the award was more than two-thirds less than what Plaintiff's counsel has requested. *See UFCW Local One Pension Fund v. Levonian Bros., Inc.*, 09-CV-0484, 2010 WL 883679, at *2 (N.D.N.Y. Mar. 8, 2010) (Mordue, C.J.) (finding, in granting motion for default judgment in ERISA collection action, that a total award of attorney's fees in the amount of $3,772 [$1,705.75 for the Health Care Fund and $2,021.25 for the Pension Fund] was reasonable).

For these reasons, the Court finds that an award $4,000 in attorney's fees is reasonable under the circumstances.

---

[11] In doing so, the Court notes that this action was filed approximately eight months before the Decision and Order was issued in *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*.

[12] The Court arrives at this conclusion because 42.10 hours times $210.00 per hour equals $8,841.

Finally, Plaintiff is also entitled to recover the costs associated with this litigation, including copying costs, facsimile costs, filing fees, postage and delivery costs, costs associated with services of the summons and complaint, and computer research costs.  Plaintiff states it has expended $605 in costs associated with this litigation.  More specifically, this sum consists of $350 for filing fees and $255 for service of process.  Therefore, the Court grants Plaintiff's request for costs.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for entry of default judgment against Defendant (Dkt. No. 9) is **GRANTED**.  Plaintiff is awarded  $153,456.66 in damages, $4,000 in attorney's fees, and $605 in costs, for a total of $158,061.66.   The clerk is directed to enter judgment.

Date:   June 22, 2010
         Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge